UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CECIL COOLEY, JR.                                                                                    PLAINTIFF

VS.                                                              CIVIL ACTION NO. 4:11CV44-DPJ-FKB

WAYNE COUNTY SCHOOL DISTRICT BOARD                                         DEFENDANTS
OF EDUCATION, ET AL.

REPORT AND RECOMMENDATION

On March 14, 2011, Plaintiff Cecil Cooley, Jr. filed a complaint in this Court alleging that he was terminated from his position as Supervisor of the Wayne County School District Bus Barn on account of his race, African American. On the same date, Plaintiff filed a Motion to Proceed In Forma Pauperis (Docket No. 5) requesting that the prepayment of filing fee and costs be waived pursuant to 28 U.S.C. § 1915. Thereafter, on April 14, 2011, at the Court's direction, Plaintiff provided additional information to the Court regarding his and his wife's income (Docket No. 10).

After a review of the sworn Financial Affidavit filed with the Court and the unsworn information filed by Plaintiff on April 14, 2011, it is the opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed in forma pauperis. Plaintiff and his wife have a monthly income of $3692, with monthly expenses of $3534. They own their own home and three motor vehicles.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. See Williams v. Estelle, 681 F.2d 946 (5th Cir. 1982); Prows v. Kastner, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity?  Souder v. McGuire, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship?  Startti v. United States, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim?  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that he and his wife have a significant monthly income and three motor vehicles, the undersigned finds that he could pay the filing costs without undue financial hardship if given ninety days to pay the filing fee.  Plaintiff will not be rendered destitute by paying the filing fee in ninety days, as he does have a place to reside, a motor vehicle, and a monthly income.  Because he will not be barred from the federal courts due to his lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed in forma pauperis be denied.  Plaintiff shall be given ninety days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before August 2, 2011.  If Plaintiff does not object to this recommendation, and further does not pay the filing fee by August 2, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations.  Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except

upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 2nd day of May, 2011.

                   /s/ F. Keith Ball
                  UNITED STATES MAGISTRATE JUDGE